# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MID AMERICA MORTGAGE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16CV1312 JCH |
| | ) | |
| OCWEN LOAN SERVICING, LLC, and | ) | |
| SAND CANYON CORPORATION, f/k/a | | |
| OPTION ONE MORTGAGE | | |
| CORPORATION, | | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Mid America Mortgage, Inc.'s Motion for Remand, filed August 17, 2016. (ECF No. 8). The motion is fully briefed and ready for disposition.

## **BACKGROUND**[1]

On December 26, 2013, Plaintiff closed a loan transaction in which it refinanced all debt against real estate commonly known as 4 Trail Aire Court, Fenton, Missouri, 63026 (the "Property"), owned by Paul and Joyce Ann Rother. (Verified Petition (hereinafter "Complaint" or "Compl."), ¶¶ 5, 6). In connection with the refinancing, the Rothers pledged a Deed of Trust in favor of Plaintiff, that was recorded on January 2, 2014. (*Id.*, ¶ 6 and att. Exh. A).

Sometime prior to December 26, 2013, Plaintiff's closing agent requested a payoff quote from Defendant Ocwen Loan Servicing, LLC ("Ocwen"), which payoff, once received by Ocwen, would satisfy the Deed of Trust then recorded against the Rothers' Property and

---

[1] The Court's background section is taken from Plaintiff's Complaint, to which both Defendants have filed answers denying key allegations.

extinguish the debt being refinanced by Plaintiff. (Compl., ¶ 7). On or about December 6, 2013, Ocwen responded with a payoff quote that indicated a total amount of $139,746.82 would satisfy the Deed of Trust, if paid on or before December 31, 2013. (*Id.*, ¶ 8 and att. Exh. B). On December 31, 2013, Plaintiff's closing agent wired Plaintiff's funds in the amount of $139,746.82 to Ocwen, allegedly as agent for Defendant Sand Canyon Corporation, f/k/a Option One Mortgage Corporation ("Sand Canyon"). (*Id.*, ¶ 9 and att. Exh. C).

On or about December 31, 2013, Clear Title Group, acting on behalf of Plaintiff, sent a demand letter to Ocwen, requesting that Ocwen forward all documents necessary to release its loan on the Property, including a recordable Deed of Release, within thirty days. (Compl., att. Exh. D). That same day, Ocwen sent a second payoff quote to the Rothers, with a revised payoff amount of $139,987.22. (*Id.*, att. Exh. E). This revised amount included an additional "Escrow Advance" fee of $240.40. (*Id.*). Plaintiff maintains Ocwen had no basis to demand this additional fee, and was estopped from revising the amount due having received payment in full under its previous payoff quote. (*Id.*, ¶ 12).

On or about June 28, 2016, Plaintiff filed its Complaint in the Circuit Court of Jefferson County, Missouri. (Notice of Removal, ¶ 1). In its Complaint, Plaintiff seeks a declaration that the Deed of Trust held by Plaintiff and dated December 26, 2013, is and was a valid and enforceable first priority lien and encumbers the Property as of December 26, 2013; that a Full Deed of Release dated December 31, 2013, is to be recorded in the land records of Jefferson County by Ocwen and Sand Canyon; and that Ocwen and Sand Canyon have no rights, title or interest in and to the Property. (Compl., Count I). Plaintiff further seeks damages pursuant to Missouri Revised Statute § 443.130.1, and injunctive relief prohibiting Ocwen and Sand Canyon from foreclosing upon their Deed of Trust. (*Id.*, Counts II and III).

On August 11, 2016, Sand Canyon removed Plaintiff's action to this Court pursuant to 28 U.S.C. § 1441, *et. seq.* (Notice of Removal). Sand Canyon asserts this Court has jurisdiction pursuant to 28 U.S.C. § 1332, as there exists complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. (*Id.*, ¶ 6). As stated above, Plaintiff filed the instant Motion for Remand on August 17, 2016, claiming this Court lacks jurisdiction under § 1332 because the amount in controversy, exclusive of interest and costs, does not exceed $75,000. (Plaintiff's Motion for Remand, ¶¶ 5-11).

## **DISCUSSION**

"'It is well settled that on a Motion to Remand, the burden of establishing federal subject matter jurisdiction lies with the removing party.'" *Riffert v. Walgreen Co.*, 2008 WL 495643, at *1 (E.D. Mo. Feb. 20, 2008) (quoting *Rolwing v. NRM Corp.*, 2005 WL 1828813, at *2 (E.D. Mo. Aug. 2, 2005)). Federal courts strictly construe the amount in controversy requirement to limit their diversity caseload, and resolve all doubts about federal jurisdiction in favor of remand. *Logan v. Value City Dept. Stores, LLC*, 2008 WL 1914168, at *1 (E.D. Mo. Apr. 28, 2008); *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993). Further, the Eighth Circuit has held that where a complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party, "must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation*, 346 F.3d 830, 834 (8th Cir. 2003) (citing *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000)). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the

plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) (citation omitted).

"'In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.'" *James Neff Kramper Family Farm Partnership v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). This does not mean that Plaintiff's view of the worth of the asserted right is controlling, however; rather, "[t]he question is the actual value of the object of the suit." *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1019 (8th Cir. 2010).

As noted above, in its Complaint Plaintiff seeks, among other things, a declaration that the Deed of Trust held by Plaintiff and dated December 26, 2013, is and was a valid and enforceable first priority lien and encumbers the Property as of December 26, 2013; a declaration that Ocwen and Sand Canyon have no rights, title or interest in and to the Property; and an injunction prohibiting Ocwen and Sand Canyon from foreclosing upon their Deed of Trust. Absent such relief, Plaintiff claims that "the Property which was pledged as security for its loan appears of record to be fully encumbered by Defendant Sand Canyon's Deed of Trust depriving Plaintiff of the benefit of the warranties of title against encumbrances, the power to sell the Property to satisfy its loan in the event of default, and any other remedy at law provided by the borrower under its agreement with Plaintiff." (Compl., ¶ 24).

Upon consideration of the foregoing, the Court finds that from Plaintiff's perspective, the object of this litigation is to protect the Property from specious liens and maintain clean title. *Armed Forces Bank, N.A. v. Gianulias*, 2012 WL 1077894, at *3 (W.D. Mo. Mar. 30, 2012). Thus, the action's value to Plaintiff is the full value of the real property at issue, an amount

admittedly greater than $75,000.  (*See* Compl., att. Exh. A; s*ee also Usery*, 606 F.3d at 1019 ("In a quiet title action, therefore, in deciding the jurisdictional question, a district court must determine what the property interest at issue is worth in the marketplace, which is a matter of objective fact.")).  Plaintiff's Motion for Remand will therefore be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (Doc. No. 8) is **DENIED**.

Dated this \_\_\_21st\_\_\_ Day of November, 2016.

\s\   Jean C. Hamilton
UNITED STATES DISTRICT JUDGE